IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PPV ENTM'T, LLC, | |
| Plaintiff, | |
| v. | CIV. NO.: 14-1884(GAG/SCC) |
| LUIS RIVERA-DIAZ, ET AL., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff PPV Entertainment, LLC, sued several individual defendants collectively doing business as Don Faustino Restaurant & Grill—Kisoko #22 for statutory violations related to the wrongful interception or reception of a boxing match between Floyd Mayweather and Marcos Maidana, the exclusive right to distribute which in Puerto Rico is owned by PPV. Docket No. 1. Defendants failed to respond to the suit, and the Clerk entered default against them. Docket No. 9. PPV then moved for default damages, Docket No. 10, and on a referral

from the presiding district judge, the undersigned held a damages hearing on June 19, 2015. Docket No. 14. PPV did not make any presentation at the hearing and rather stood on its papers, which I describe below. I recommend that damages be entered as follow.

The Complaint alleges violations of 47 U.S.C. §§ 553 and 605. Pursuant to § 553, the Court may award either: (1) actual damages; or (2) a fine of not less than $250 and not more than $10,000, "as the court considers just." 47 U.S.C. § 553(c)(3)(A). But where, as here, the violation is willful and for commercial gain, "the court in its discretion may increase the award of damages . . . by an amount of not more than $50,000." 47 U.S.C. § 553(c)(3)(B). The Court may also award costs and fees. 47 U.S.C. § 47 U.S.C. § 553(c)(2)(C). Pursuant to § 605, the Court may award: (1) actual damages; or (2) statutory damages of between $1,000 and $10,000, "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i). Because the violation in this case was willful and for the purposes of financial gain, the court may also award an additional amount of up to $100,000. 47 U.S.C. § 605(e)(3)(C)(ii). The Court must also award costs and fees. 47 U.S.C. § 605(e)(3)(B)(iii). PPV thus requests damages of $170,000, plus costs and fees.

There are two serious problems with PPV's request. First, the First Circuit has previously held that sections 553 and 605 are mutually exclusive: § 553 covers the interception of wire and cable communications, while § 605 covers the interception of radio communications. *Charter Commc'ns Entm't I, DST v. Burdulis*, 460 F.3d 168, 173 (1st Cir. 2006). The Complaint pleads alternatively as to whether the defendant intercepted cable or radio (which in this case would mean satellite) communications, and this issue is not clarified by PPV's default judgment filings. However, *Charter Communications*—as well most other decisions to have considered the question—make it plain that a single violation may be covered by only one of these two statutes.[1] Here, because Defendants are in default

---

**1.** In a similar case, Judge Besosa allowed a complaint to survive a motion to dismiss where the plaintiff had alternatively pled sections 553 and 605, but he was plainly skeptical of whether proof could be adduced as to both claims. *PPV Connection, Inc. v. Rodriguez*, 607 F. Supp. 2d 301, 305 (D.P.R. 2009). Judge Besosa's opinion makes sense because, as here, the plaintiff like PPV, which owns properties that may be transmitted over wires or radio, may not know when the complaint by which modality the piracy occurred. however, *Charter Communications* plainly prohibits a double recovery because, in fact, any incident of piracy must *either* be by wire *or* satellite; I would thus hold that even on a default, a plaintiff cannot recover under both statutes for a single incident of piracy.

and have admitted all of PPV's allegations, I will assume that they intercepted radio transmissions, because § 605 permits greater total damages.

The second problem is that the damages evidence that PPV has adduced amounts, in most respects, to speculations about deterrence, restitution, and lost profits. It is on this basis that it requests the statutory maximum fine of $10,000 fine in addition to a $100,000 fine for willfulness. However, in the context of § 553, the First Circuit has held that the base fine for a violation of that statute must approximate "the estimated value of the services stolen." *Charter Commc'ns*, 460 F.3d at 181. Given that the statutory language concerning damages is nearly identical between § 553 and § 605, I would conclude that *Charter Communications*'s rule applies to § 605 as well. Here, PPV sold licenses for between $700 and $8000, though it has told the Court nothing about how those values were calculated other than that it depended on "the capacity of the establishment." Here, PPV has also neglected to inform the Court about the capacity of the defendant venue, much less what it would have charged the defendant venue for a license. However, an affidavit PPV submitted says that approximately 30 people were observed in the defendant venue during the fight. I must

assume that a license for a bar with this level viewership would have been on the lower end of PPV's quoted range. I would thus recommend damages of $1250 for Defendants' violation of § 605.[2]

The Court may also award discretionary damages of up to $100,000 for willful violations, which this one was. PPV asks for $100,000, but I find this amount hugely excessive in light of the defendant's conduct. Thirty people watched the event at the defendant venue, but, for the typical owner of a small bar in Puerto Rico, a fine as great as PPV requests would be ruinous. I am guided by the statute in finding such a result unjust. That said, I find persuasive PPV's point that fines for willful violations of § 605 must be more than the cost of purchasing a license, or else the conduct will not be deterred. To this end, I would double Defendants' fine by awarding an

---

**2.** I have looked at the default damages entered by other judges in this district in similar cases involving PPV. In most of those cases, PPV has been awarded between $10,000 and $25,000 for the substantive violation of § 605. I would not go so high as those judges have because I do not understand—and PPV has not argued—that such damages would comport with *Charter Communications*'s teachings on this subject.

additional $1,250 in damages on account of willfulness.[3] I would also award costs and fees in the amount of $2,000. The individual defendants should be jointly and severally liable for this award.

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 3rd day of November, 2015.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE

---

**3.** I note that most, if not all, of the judges to have awarded default damages to PPV in similar cases have refused to enter any damages for wilfulness.